IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02066-REB-BNB

ROBERT BLACKMAN,

Plaintiff,

v.

MR. TORRES, Correctional Officer,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the defendant's **Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)** [Doc. #45, filed 04/16/2012] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART.

## I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-

TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint.  In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.  When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations.  A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case.  The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II.  BACKGROUND

The plaintiff is currently incarcerated by the Federal Bureau of Prisons at the United States Prison, Administrative Maximum in Florence, Colorado ("ADX").  He filed his Prisoner Complaint on August 7, 2011 [Doc. #1] (the "Complaint").  The Complaint contains the following allegations:

1.  The plaintiff attempted to file a grievance regarding correctional officers' failure to adequately supervise high risk security inmates.  He claims that the officers were watching television while on duty, and he sought removal of the televisions from unit observation control centers.  *Complaint*, pp. 10-11.[1]

2.  Within 48 hours of being denied a grievance form for this issue, defendant Torres threatened another inmate with daily cell searches on the unit if the inmates did not stop the plaintiff from filing his grievance.  Id. at pp. 10-12.  The inmate warned the plaintiff to be cautious of Torres' vindictive motives.  Id. at p. 11.

The plaintiff brings this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Id. at p. 3.  The defendant is sued in his individual capacity.  Id. at p. 9.  The plaintiff alleges retaliation for exercising his constitutional right to free speech; violations of his Fifth Amendment rights to due process and equal protection; and violation of his Eighth Amendment right to be free from cruel and unusual

---

[1]The pages of the Complaint are not consecutively paginated.  Therefore, I cite to the pages of the Complaint as they are assigned by the court's docketing system.

punishment.[2] Id. at pp. 11-13.  He seeks declaratory and injunctive relief.  He also seeks compensatory and punitive damages.  Id. at pp. 14-15.

### III.  ANALYSIS

#### A.  Sovereign Immunity

The defendant asserts that the plaintiff's claims for injunctive relief are barred by sovereign immunity because Bivens waives immunity only for government officials sued in their individual capacities for damages.  This is a facial challenge to the Complaint.  Therefore, I accept the allegations in the Complaint as true.  Holt, 46 F.3d at 1003.

The defendant does not discuss Simmat v. United States Bureau of Prisons, 413 F.3d 1225 (10th Cir. 2005), which holds that 5 U.S.C. § 702 waives sovereign immunity in most suits for nonmonetary relief.  Therefore, although Bivens suits are limited to damages against defendants sued in their individual capacities, equitable relief is available in the nature of an injunction under 28 U.S.C. §§ 1331.

The Tenth Circuit Court of Appeals has stated:

> A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

Hall, 935 F.2d at 1110 (citations omitted).

---

[2] Any other claims the plaintiff may be attempting to assert are unintelligible and will not be recognized.  See Hall, 935 F.2d at 1110 (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

The plaintiff states that he is suing Torres in his individual capacity. However, he is also seeking injunctive relief against Torres. Liberally construed, the plaintiff is suing Torres in his official capacity for injunctive relief. Under Simmat, sovereign immunity does not bar the plaintiff's claim for injunctive relief. The Motion should be denied insofar as it seeks dismissal of the plaintiff's claims for injunctive relief.

### B. Qualified Immunity

The defendant asserts that he is entitled to qualified immunity. *Motion*, pp. 10-11. Qualified immunity shields government officials sued in their individual capacities from liability for civil damages provided that their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In order for a right to be "clearly established" for purposes of assessing entitlement to qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987).

When analyzing the issue of qualified immunity, I consider two factors. I must determine whether the plaintiff has sufficiently alleged a violation of a statutory or constitutional right. In addition, I must inquire whether the right was clearly established at the time of the violation. Wilson v. Layne, 526 U.S. 603, 609 (1999); Butler v. City of Prairie Village, Kansas, 172 F.3d 736, 745 (10th Cir. 1999).[3]

---

[3]The order in which I may consider these factors is discretionary. Pearson v. Callahan, 555 U.S.223, 236 (2009). However, both prongs must be satisfied. Herrera v. City of Albuquerque, 589 F.3d 1064, 1070 (10th Cir. 2009).

### 1. Retaliation

"Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights." Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998) (internal quotations and citation omitted). The First Amendment protects the right to free speech and the right to petition the government for redress of grievances. U.S. Const. Amend. I. The filing of an administrative grievance is protected by the First Amendment. Williams v. Meese, 926 F.2d 994, 998 (10th Cir. 1991). "This principle applies even if the action taken in retaliation would be otherwise permissible." Id. at 948.

"Retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights." Poole v. County of Otero, 271 F.3d 955, 960 (10th Cir. 2001) *abrogated on other grounds by* Hartman v. Moore, 547 U.S. 250 (2006). An inmate, however, is not "inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he is engaged in protected activity." Peterson, 149 F.3d at 1144. Therefore, to prevail on a claim of retaliation a plaintiff "must prove that but for the retaliatory motive, the incidents to which he refers . . . would not have taken place." Id. (quotations and citation omitted). "An inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." Id. (quotations and citation omitted) (emphasis in original).

The defendant asserts that the plaintiff fails to state a claim for retaliation because he does not allege that Torres knew about his grievance. *Motion*, pp. 5-6. This argument is perplexing because the plaintiff alleges that Torres threatened another inmate "with daily unit

harassment via cell searches" if the inmates on the unit did not prevent the plaintiff from filing the grievance.

The defendant also argues that the retaliation claim fails because the plaintiff has not alleged that he suffered an adverse action resulting in a "chilling of the inmate's exercise of his constitutional rights." *Motion*, p. 7. This argument is also perplexing. The Tenth Circuit has stated that in order to prove retaliation, a prisoner has the burden of showing that (1) he engaged in a constitutionally protected activity; (2) the retaliatory act "was an injury that would chill a person of ordinary firmness from engaging in that activity in the future"; and (3) retaliation for engaging in a constitutionally protected activity was a substantial motiving factor for the defendant's actions. Mallard v. Tomlinson, 206 Fed.Appx. 732, 737 (10th Cir. 2006) (applying, in prison context, retaliation test from Mimics, Inc. v. Village of Angel Fire, 394 F.3d 836, 847 (10th Cir. 2005)). The very crux of the Complaint is that Torres' threat has "chilled" the plaintiff from filing his grievance.

The plaintiff has alleged that he attempted to file a grievance and that Torres threatened to punish the entire unit if the plaintiff filed his grievance. These allegations are sufficient to state a claim for retaliation. The Motion should be denied insofar as it seeks dismissal of the plaintiff's retaliation claim.

**2. Fifth Amendment Claims**

The plaintiff claims that Torres' actions violated his Fifth Amendment rights to due process and equal protection. The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated

alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (quotations and citation omitted). "[T]he Fifth Amendment imposes on the Federal Government the same standard required of state legislation by the Equal Protection Clause of the Fourteenth Amendment." Schweiker v. Wilson, 450 U.S. 221, 227 n.6 (1981). The plaintiff does not allege any facts to show that he was treated differently from similarly situated inmates.

The plaintiff's due process rights are triggered only if he has been deprived of a protected liberty or property interest. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989). Inmates have no constitutional liberty interest in access to prison grievance procedure. Todd v. Bigelow, No. 12-4042, 2012 WL 4458364, at *2 (10th Cir. Sept. 27, 2012).

### 3. Eighth Amendment Claim

The plaintiff also claims that Torres' actions violated his Eighth Amendment right to be free from cruel and unusual punishment. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment prohibition against cruel and unusual punishment requires prison officials to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quotations and citations omitted).

A prisoner claiming an Eighth Amendment violation must establish both objectively and subjectively that particular conditions of confinement constitute cruel and unusual punishment. Wilson v. Seiter, 501 U.S. 294, 297-298 (1991). To satisfy the objective component, a plaintiff must allege a deprivation which objectively is "sufficiently serious" to form an Eighth Amendment violation. Id. at 298. To satisfy the subjective component, a plaintiff must

8

demonstrate that the prison official was "deliberately indifferent" to a substantial risk of serious harm. Farmer, 511 U.S. at 834.

The plaintiff has not alleged any facts from which to infer that he suffered a sufficiently serious deprivation or that the defendant was deliberately indifferent to a substantial risk of serious harm. The Motion should be granted insofar as it seeks dismissal of the plaintiff's Eighth Amendment claim.

## IV.  CONCLUSION

I respectfully RECOMMEND that the defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [Doc. #45] be GRANTED IN PART and DENIED IN PART as follows:

1. DENIED insofar as it seeks dismissal of the plaintiff's retaliation claim, and

2. GRANTED to the extent it seeks dismissal of the plaintiff's remaining claims.[4]

Dated December 17, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[4] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).