**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No. 11-cv-02066-REB-BNB

ROBERT BLACKMAN,

      Plaintiff,

v.

MR. TORRES, Correctional officer,

      Defendant.

---

**ORDER CONCERNING RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

      This matter is before me on the following: (1) the defendant's **Motion To Dismiss**

**Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)** [#45][1] filed April

16, 2012; and (2) the corresponding **Recommendation of United States Magistrate**

**Judge** [#60] filed December 17, 2012.  The defendant filed an objection [#64] to the

recommendation. I adopt the recommendation in part and respectfully reject it in part.

**I.  STANDARD OF REVIEW**

      As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the

recommendation to which the defendant objects. I have considered carefully the

recommendation, the objection, and the applicable case law.

      The plaintiff is proceeding *pro se*. Thus, I have construed his pleadings and other

---

[1]   "[#45]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II.  BACKGROUND

In his complaint, the plaintiff alleges that he attempted to file a grievance concerning the failure of correctional officers to adequately supervise high risk inmates. According to the plaintiff, correctional officers were watching television while on duty, and the plaintiff wished to seek removal of televisions from the unit observation control centers.  The plaintiff alleges he was denied a grievance form to address this issue. According to the plaintiff, the defendant, Officer Torres, retaliated against the plaintiff based on the plaintiff's desire to file the grievance.  The plaintiff alleges that Officer Torres told another inmate that there would be daily cell searches on the unit if the other inmates did not stop the plaintiff from filing his grievance.  The other inmate then allegedly warned the plaintiff to be cautions of Officer Torres' vindictive motives.

Based on these allegations, the plaintiff asserts three claims.  First, he asserts a claim under the First Amendment, alleging that the defendant retaliated against the plaintiff based on the plaintiff's attempt to exercise his First Amendment rights by filing the grievance.  Second, he asserts a claim under the Fifth Amendment, alleging that his rights to due process of law and equal protection of the law were impinged.  Third, he asserts a claim under the Eighth Amendment, alleging a violation of his right to be free from cruel and unusual punishment. The plaintiff seeks declaratory and injunctive relief and compensatory and punitive damages.

## III.  ANALYSIS

The magistrate judge recommends that the defendant's motion to dismiss be granted as to the plaintiff's claims under the Fifth and Eighth Amendments. No objections have been filed to this portion of the recommendation. I agree with the analysis of the magistrate judge concerning these claims.

The magistrate judge recommends that the motion to dismiss be denied as to the plaintiff's First Amendment retaliation claim. In his objection the defendant argues this claim must be dismissed for three reasons. First, the defendant contends the plaintiff may not assert a claim for damages based on an alleged violation of the First Amendment under ***Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics***, 403 U.S. 388 (1971). Second, the defendant argues that the plaintiff's allegations do not state a claim for First Amendment retaliation. Third, the defendant argues he is entitled to qualified immunity as to this claim.

### A.  First Amendment ***Bivens*** Claims for Damages

I agree with the defendant's contention that the plaintiff may not assert a ***Bivens*** claim for damages based on an alleged violation of the First Amendment. The Supreme Court has not recognized a ***Bivens*** claim for damages based on an alleged violation of the First Amendment. Indeed, the Supreme Court of the United States has refused explicitly to acknowledge that federal prisoners may bring a claim for monetary damages based on an alleged First Amendment violation. ***See, e.g., Ashcroft v. Iqbal***, 556 U.S. 662, 675 (2009) (noting that the Court has "declined to extend Bivens to a claim sounding in the First Amendment"); ***Bush v. Lucas***, 462 U.S. 367, 390 (1983) (refusing to recognize a right to seek damages for alleged First Amendment violation under ***Bivens***). Conceivably, the Court has not recognized such claims in the context of claims by prison inmates because prisoners may pursue claims under the Federal Tort Claims Act or

3

claims for injunctive relief based on an alleged violation of the First Amendment.  ***See***

***Wilkie v. Robbins***, 551 U.S. 537, 550 (2007) (adequate, alternative bases for pursuing a

particular claim amount "to convincing reason for the Judicial Branch to refrain from

providing new and freestanding remedy in damages"); 42 U.S.C. § 1997e(e) (prisoner not

entitled to claim for money damages where no physical injury shown).

Based on the foregoing authority, I respectfully reject the recommendation of the

magistrate judge that the defendant's motion to dismiss be denied as to the plaintiff's

claim for damages based on his First Amendment retaliation claim.  Rather, I conclude

that the motion to dismiss must be granted as to the damages aspect of the plaintiff's First

Amendment claim.

B.  Failure To State A Claim

The fact that the plaintiff may not assert a ***Bivens*** claim for damages does not

preclude the plaintiff from seeking declaratory and injunctive relief based on the alleged

violation of the First Amendment.  ***See Corr. Services Corp. v. Malesko***, 534 U.S. 61, 74

(2001).  The defendant does not argue otherwise.  However, the defendant does argue

that the allegations in the plaintiff's complaint are not sufficient to state a viable First

Amendment retaliation claim.  I disagree.

The plaintiff alleges he was denied the ability to file a grievance based on the

proposed topic of his grievance.  As a result of his attempt to file the grievance, the

plaintiff alleges that the defendant, Officer Torres, told another inmate in the same unit

that there would be daily cell searches on the unit if the other inmates did not stop the

plaintiff from filing his grievance.  These allegations are sufficient to allege (1) that the

plaintiff sought to exercise his First Amendment rights by filing a grievance; (2) that the

defendant was aware of the plaintiff's attempt to file a grievance; (3) that as a result of that

4

awareness, the defendant took action to impose a consequence on the plaintiff; and (4) that consequence would chill a person of ordinary firmness from engaging in the constitutionally protected activity.   These allegations are sufficient to state a retaliation claim.  *See Leverington v. City of Colorado Springs*, 643 F.3d 719, 729 (10th Cir. 2011); *Rocha v. Zavaras*, 443 F. App'x 316, 318 (10th Cir. 2011).

<u>C.  Qualified Immunity</u>

Finally, the defendant argues he is entitled to qualified immunity.  "In resolving a motion to dismiss based on qualified immunity, a court must consider whether the facts that a plaintiff has alleged make out a violation of a constitutional right and whether the right at issue was clearly established at the time of defendant's alleged misconduct."  *Leverington v. City of Colorado Springs*, 643 F.3d 719, 732 (10th Cir.2011).  To demonstrate clearly established law, "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts," which find the law to be as the plaintiff maintains.  *Medina v. City and County of Denver*, 960 F.2d 1493, 1498 (10th Cir.1992), *overruled in part, Williams v. City & County of Denver*, 99 F.3d 1009, 1014 - 1015 (10th Cir. 1996).  For a right to be clearly established, it must be "sufficiently clear that every reasonable official would have understood that what he is doing violates that right" and "existing precedent must have placed the statutory or constitutional question beyond debate."  *Ashcroft v. Al-Kidd*, ___ U.S. ___, ___, 131 S. Ct. 2074, 2083 (2011) (quotations omitted).

The plaintiff must demonstrate a substantial correspondence between the conduct in question and prior law establishing that the defendant's actions clearly were prohibited.  *Hilliard v. City and County of Denver*,  930 F.2d 1516, 1518 (10th Cir. 1991) (citing *Hannula v. City of Lakewood*, 907 F.2d 129, 131 (10th Cir. 1990)).  In determining

5

whether the right was "clearly established," the court assesses the objective legal reasonableness of the action at the time and asks whether "the right [was] sufficiently clear that a reasonable officer would understand that what he is doing violates that right." **Wilson v. Layne**, 526 U.S. at 615. However, the plaintiff need not establish a "'precise factual correlation between the then-existing law and the case at hand . . . .'" **Patrick v. Miller**, 953 F.2d 1240, 1249 (10th Cir.1992), (quoting **Snell v. Tunnell**, 920 F.2d 673, 699 (10th Cir. 1990)).

For many years, it has been established clearly that it is unlawful to retaliate against a prison inmate based on the inmate's exercise of his rights under the First Amendment. **See, e.g., Smith v. Maschner**, 899 F.2d 940, 948-49 (10th Cir. 1990). Assuming the plaintiff's allegations to be true, the contours of a First Amendment retaliation claim were sufficiently clear that a reasonable correctional officer would have understood at the time of the alleged violation that retaliation such as that described in the complaint is unlawful. Thus, the defendant has not demonstrated that he is entitled to qualified immunity as to the plaintiff's First Amendment claim seeking declaratory and injunctive relief.

## IV. CONCLUSION & ORDERS

Based on the authority cited above and in the defendant's objection [#64] to the recommendation, I conclude that the plaintiff may not assert a First Amendment claim for damages under **Bivens**. As a result, I respectfully reject that portion of the recommendation [#60] of the magistrate judge in which the magistrate judge recommends that the motion to dismiss be denied as to this claim. I grant the motion to dismiss to the extent the plaintiff asserts a claim under the First Amendment for damages. Otherwise, I approve and adopt the recommendation of the magistrate judge.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the  **Recommendation of United States Magistrate Judge** [#60] filed December 17, 2012, respectfully is **REJECTED** to the extent the magistrate judge recommends that the defendant's **Motion To Dismiss Plaintiff's Complaint Pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6)** [#45] filed April 16, 2012, be denied as to the plaintiff's claim for monetary damages in his First Amendment retaliation claim;

2.  That the objection [#64] filed by the defendant is **SUSTAINED** to the extent the defendant argues that the plaintiff's First Amendment retaliation claim must be dismissed;

3.  That otherwise, the  **Recommendation of United States Magistrate Judge** [#60] filed December 17, 2012, is **APPROVED** and **ADOPTED** as an order of this court;

4.  That otherwise, the objections stated in [#64] filed by the defendant are **OVERRULED**;

5.  That the defendant's **Motion To Dismiss Plaintiff's Complaint Pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6)** [#45] filed April 16, 2012, is **DENIED** to the extent the plaintiff asserts a First Amendment retaliation claim and seeks declaratory and injunctive relief under that claim;

6.  That otherwise, the defendant's **Motion To Dismiss Plaintiff's Complaint Pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6)** [#45] filed April 16, 2012, is **GRANTED**.

Dated March 11, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge