IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02066-REB-BNB

ROBERT BLACKMAN,

Plaintiff,

v.

MR. TORRES, Correctional Officer,

Defendant.

---

## ORDER

---

This matter arises on **Plaintiff's Motion in Declaration and Supporting Memorandum of Law Requesting a Fair Hearing Conference in Re: Prison Staff Legal Mail Improprieties** [Doc. #82, filed 06/17/2013] (the "Motion for Hearing").

On December 10, 2011, and on January 20, 2012, the plaintiff filed motions claiming that correctional officers at ADX-Florence are interfering with his mail to and from this court [Docs. ## 17 and 27].  The plaintiff claims that between September 29, 2011, and January 23, 2012, he did not receive any mail from the court concerning this action.  During that time, the following five orders or certificates were issued by the court and sent to the plaintiff:

      (1)   Order [Doc. # 14, filed 10/28/2011];

      (2)   Order Drawing Case [Doc. # 18, filed 12/13/2011];

      (3)   Text Entry Order Reassigning Case [Doc. # 19, filed 12/14/2011];

      (4)   Certificate of Service [Doc. # 20, filed 12/14/2011]; and

      (5)   Order of Reference to United States Magistrate Judge [Doc. # 21, filed

12/16/2011].

      The plaintiff also contends that his outgoing legal mail has been tampered with.  He

claims that he initiated two additional cases by mailing complaints to the court on October 18,

2011, and October 25, 2011.  The court docket reflects receipt of only one additional action in

October 2011--Case No. 11-cv-02750 filed on October 21, 2011.  The Complaint in Case No.

11-cv-02750 is signed by the plaintiff and dated "10-18-11."  Case No. 11-cv-02750 was

dismissed without prejudice on December 8, 2011, when the plaintiff failed either to pay an

initial partial filing fee or show cause why he could not pay that fee.  *Order* [Doc. # 7].  The

Order dismissing the case notes:

> Mr. Blackman has failed either to pay the initial partial filing fee
> within the time allowed, as designated in the November 1 Order or,
> in the alternative, to show cause why he has no assets and no
> means by which to pay the designated fee.  Indeed, Mr. Blackman
> has not filed anything with the Court since November 1, 2011.

Id. at p. 2.

      The court did not receive a complaint dated or mailed on or about October 25, 2011.

      I held a hearing on the motions on May 10, 2012.  I subsequently issued an order [Doc.

#51] requiring the United States Attorney to send several documents to the plaintiff and stating:

> I am concerned by the plaintiff's allegations that correctional
> officers are interfering with his mail.  My concern is not
> ameliorated by the [defendant's] Response [Doc. # 46], which does
> not dispute the plaintiff's factual allegations in any way, and
> argues instead that the plaintiff has failed to "demonstrate 'actual
> injury' or 'actual prejudice' to pending or contemplated litigation."
> Id. at p. 3.  All parties should note that I will not tolerate any
> improper interference with the plaintiff's mail to or from the court.

On April 16, 2012, the defendant filed a motion to dismiss [Doc. #45].  I ordered the plaintiff to respond to the motion on or before May 16, 2012 [Doc. #48].  The plaintiff filed a motion for an extension of time to respond to the motion [Doc. #52] which was granted to and including August 14, 2012 [Doc. #56].  The court did not receive a response from the plaintiff, and a recommendation was issued [Doc. #60] on December 17, 2012, to grant in part and deny in part the motion to dismiss.  The defendant filed objections to the recommendation on January 3, 2013 [Doc. #64].

On January 31, 2013, I held a Scheduling Conference.  During the conference, the plaintiff stated that he had received the order to respond to the motion to dismiss and the order granting him an extension of time to respond.  He further stated that he submitted his response on August 13, 2012, and he did not receive a copy of my recommendation or the defendant's objections to the recommendation.[1]  Consequently, I entered the following order [Doc. #66]:

> (1) On or before February 19, 2013, the United States Attorney
> shall investigate the mail system utilized at the United States
> Prison, Administrative Maximum in Florence, Colorado ("ADX"),
> and report whether the ADX maintains a log of mail received by
> the prison for inmates and the delivery of that mail to the inmate;
> and provide copies of any records which the ADX has concerning

---

[1]The plaintiff also stated that although he received the order setting the Scheduling Conference, he did not receive it with the regular mail.  Instead, the order (without the envelope) was slid under his cell door several hours before the regular mail was distributed.

3

receipt of the Recommendation of United States Magistrate Judge [Doc. # 60, filed 12/17/2012] and the Objection Re: Magistrate Judge's Recommendation [Doc. # 64, filed 1/2/2013] and their delivery to the plaintiff.

(2) Within 24 hours of the Scheduling Conference, the United States Attorney shall mail to the plaintiff at his address of record copies of the Recommendation of United States Magistrate Judge [Doc. # 60, filed 12/17/2012] and the Objection Re: Magistrate Judge's Recommendation [Doc. # 64, filed 1/2/2013].

In addition, in responding to the plaintiff's request to file untimely objections to the recommendation, I advised the plaintiff that he should file a motion to submit his objections out of time.

On February 15, 2013, the defendant filed a report describing the ADX mail system. The defendant reported that the ADX does not maintain a log of general correspondence received by inmates, and there is no record regarding whether the plaintiff received a copy of the Recommendation from the court or a copy of the Objections initially mailed by the defendant.

On March 11, 2013, the district judge entered an order granting in part and denying in part the defendant's motion to dismiss [Doc. #75].

On June 17, 2013, the plaintiff filed the Motion for Hearing. He states that on August 13, 2012, he submitted his response to the defendant's motion to dismiss to ADX staff member "Mr. Foster - counselor." He further states that on February 27, 2013, he mailed objections to a recommendation in a separate case, Civil Action No. 12-cv-01191-REB-BNB, and on February 28, 2013, he mailed objections to the recommendation issued in this case. The court did not receive the response to the motion to dismiss or the objections.

I am deeply concerned about the plaintiff's allegations that ADX officials are tampering with his mail. I am particularly concerned that the plaintiff may have been denied the

opportunity to respond to the defendant's motion to dismiss and to file objections to my recommendation. Accordingly, the defendant shall provide a meaningful response to my concerns and to the allegations in the Motion for Hearing. In addition, I will conduct an evidentiary hearing on all of the plaintiff's allegations regarding interference with his mail. I anticipate testimony from ADX officials involved in the handling of the plaintiff's mail, as well as testimony from the plaintiff.

IT IS ORDERED that an evidentiary hearing on the issue of the alleged interference with the plaintiff's mail is set for **August 27, 2013, at 1:00 p.m.**, in Courtroom A-401, Fourth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. Plaintiff and defense counsel shall provide to the court, by **August 20, 2013**, proposed witness lists, exhibit lists, and the original and two copies of all exhibits. Each exhibit list should be prepared on the attached form.

Plaintiff's exhibits should be marked with yellow labels, designated as P1, P2, etc. Defendant's exhibits should be marked with blue labels, designated as D1, D2, etc. The civil action number should appear on each exhibit sticker.

Please advise my courtroom deputy, Julie Dynes, (303) 335-2061, of any anticipated filings to insure that all necessary documents are present during the hearing. If you intend to use any special equipment, including videos or overhead projections, please make arrangements to provide **all** necessary equipment and inform the courtroom deputy of the date the equipment will be brought to the courthouse so that we may facilitate clearance through court security.

Dated July 25, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

EXHIBIT LIST

CASE NUMBER_____          PLAINTIFF'S LIST_____          DEFENDANT'S LIST_____          THIRD PARTY LIST ____

CASE CAPTION _____ VS. _____ PAGE NUMBER___ DATE_____

LIST PLAINTIFF'S EXHIBITS BY NUMBER (1, 2, 3, ETC.) and DEFENDANT'S EXHIBIT BY LETTER (A, B, C, A1, A2, A3, B1, B2,  B3, ETC.)

| EXHIBIT NO./LTR. | WITNESS | DESCRIPTION | STIP. | OFFER | REC'D | REFUSED | RULING RESERVED | COMMENTS/ INFORMATION |
|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |