IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02066-REB-BNB

ROBERT BLACKMAN,

Plaintiff,

v.

MR. TORRES, Correctional Officer,

Defendant.

_____

**ORDER**
_____

This matter arises on **Defendant's Notice Regarding Anticipated Hearing Testimony** [Doc. #104, filed 8/20/2013] (the "Notice").

On August 20, 2013, I entered an order granting "Plaintiff's Motion in Request for Production of Electronic Documents in re Evidentiary Hearing Set for 8/27/2013" (the "Motion to Produce") [Doc. #95]. In doing so, I stated:

> Despite the plaintiff's continuing allegations and complaints about mail tampering by his jailors and my repeated expressions of concern, see, e.g., Order [Doc. # 91] at pp. 3, 4-5, the government has failed to come forward with a denial of the mail tampering allegations, an affidavit indicating that an investigation into the allegations was made and the results of that investigation, or any other serious response. Consequently, I set the matter for an evidentiary hearing on August 27, 2013, and stated that "I anticipate testimony from ADX officials involved in the handling of the plaintiff's mail, as well as testimony from the plaintiff." Id. at p. 5. I also issued a Writ of Habeas Corpus Ad Testificandum [Doc. # 92] requiring that the [plaintiff] be brought to court for the August 27 hearing. I find that these actions are reasonable and necessary to ascertain the facts surrounding the mail tampering issue.

*Order issued August 20, 2013* [Doc. #103].

I stated in a footnote that "Interference with judicial mail, if established, is intolerable." I construed the plaintiff's Motion to Produce as a subpoena to produce evidence at the hearing on August 27, 2013, and I granted it. I ordered that "[t]he Bureau of Prisons shall produce at the hearing either (a) copies of the images identified together with the technology necessary to display the images or (b) an affidavit from a knowledgeable representative confirming that a thorough and good faith investigation was undertaken and the images no longer are available."

In its Notice, the defendant lists four witnesses who will testify about "incoming and outgoing mail handling procedures." The defendant does not state that any of the witnesses are (or were) involved with, and will testify about, the handling the plaintiff's mail at issue here.

In addition, the defendant states in a footnote:

> At the August 20, 2013, hearing, the possibility of utilizing recent range videos at the August 27, 2013, hearing was discussed. Undersigned counsel is still reviewing that possibility. To the extent undersigned counsel does employ such videos at the August 27, 2013, hearing, they will be used for demonstrative purposes only, and undersigned counsel will ensure that Plaintiff has the opportunity to review the videos prior to the hearing.

The defendant's statement directly contradicts my order to either produce the videos or provide an affidavit from a knowledgeable representative regarding why the videos cannot be produced.

IT IS ORDERED:

(1) The Bureau of Prisons shall produce at the August 27, 2013, hearing either (a) copies of the images identified together with the technology necessary to display the images or

(b) an affidavit from a knowledgeable representative confirming that a thorough and good faith investigation was undertaken and the images no longer are available; and

(2)   The Bureau of Prisons shall provide testimony from ADX officials involved in the handling of the plaintiff's mail.

Dated August 26, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge