IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02066-REB-BNB

ROBERT BLACKMAN,

Plaintiff,

v.

MR. TORRES, Correctional Officer,

Defendant.

---

# ORDER

---

This matter arises on **Defendant's Motion to Stay, in Part, October 15, 2013, Ord**er [Doc. #129, filed 10/29/2013] (the "Motion to Stay"), which is DENIED.

The plaintiff is incarcerated by the Federal Bureau of Prisons at the United States Prison, Administrative Maximum in Florence, Colorado ("ADX"). On October 15, 2013, I entered an Order [Doc. #126] finding irregularities in the way the plaintiff's mail is being handled by ADX officials; the plaintiff was denied a reliable mail system which resulted in dismissal of several of his claims without the benefit of his briefing; and that addressing the problems with the plaintiff's legal mail has substantially burdened the court. Pursuant to the court's implied powers to manage its docket in an orderly and expeditious manner and to fashion appropriate sanctions, I ordered the Warden to submit a proposed remedial plan which addresses all of the mail processing issues identified in my Order.

The defendant filed objections [Doc. #128]. In addition, the defendant seeks to stay my order, insofar as it directs the Warden to file a remedial plan, until after the objections are ruled

on. The objections are based on the defendant's characterization of my order as a "*sua sponte* injunction." To the contrary, I required the Warden to develop a remedial plan consistent with my inherent power to impose appropriate sanctions in order to properly manage my docket; it is not a "*sua sponte* injunction."

The filing of an objection does not automatically stay the effect of an order by a magistrate judge. As the court noted in Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb, Inc., 124 F.R.D. 75, 79 (S.D.N.Y. 1989), allowing the automatic stay of magistrate judges' orders would both encourage the filing of frivolous appeals and grind the magistrate judge system to a halt. Instead, a stay of a valid order may enter only on an adequate showing based on (1) the likelihood of success on the objection; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest. Adams v. Gateway, Inc., 2004 WL 733990 at *1 (D. Utah Jan. 5, 2004).

Applying the Adams factors leads me to conclude that a stay is not appropriate. First, the objection mischaracterizes the basis of my order; fails to address the substance of the order; and therefore is unlikely to succeed. Second, the Warden has not identified any irreparable harm he will suffer if the requested stay is denied, and I perceive none. To the contrary, I am surprised that the Warden demonstrates no concern about the gravity of my factual findings and no interest in attempting to correct the problems I have identified. Third, the faulty mail system at the ADX already has injured the plaintiff by interfering with his ability to communicate with the court, contributing to the partial dismissal of his case. There is no reason to think that the irregularities in the mail system will not continue, to the further detriment of the plaintiff. Finally, addressing the irregularities in the ADX mail system already has substantially burdened the efficient

operation of the court.  The Warden has not articulated any reasonable basis to postpone addressing those problems and, given my experience in this case to date, the irregularities are likely to persist and create an even greater burden.

    IT IS ORDERED that the Motion to Stay [Doc. #129] is DENIED.

    Dated October 30, 2013.

                                  BY THE COURT:

                                  s/ Boyd N. Boland
                                  United States Magistrate Judge