IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02066-REB-BNB

ROBERT BLACKMAN,

Plaintiff,

v.

MR. TORRES, Correctional Officer,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on **Defendant's Motion for Summary Judgment** [Doc. #110, filed 08/23/2013] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

## I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Summary judgment shall be rendered "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine issue of material fact exists "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).

The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

## II.  BACKGROUND

The plaintiff is currently incarcerated by the Federal Bureau of Prisons at the United States Prison, Administrative Maximum in Florence, Colorado ("ADX"). He filed his Prisoner Complaint on August 7, 2011 [Doc. #1] (the "Complaint"). The Complaint contains the following allegations:

1. The plaintiff attempted to file a grievance regarding correctional officers' failure to adequately supervise high risk security inmates. He claims that the officers were watching television while on duty, and he sought removal of the televisions from unit observation control

centers. *Complaint*, pp. 10-11.[1]

2. Within 48 hours of being denied a grievance form for this issue, defendant Torres threatened another inmate with daily cell searches on the unit if the inmates did not stop the plaintiff from filing his grievance. Id. at pp. 10-12. The inmate warned the plaintiff to be cautious of Torres' vindictive motives. Id. at p. 11.

The plaintiff brings this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Id. at p. 3. His remaining claim is for violation of his First Amendment rights based on the defendant's retaliation against him for attempting to file a grievance.

### III. UNDISPUTED MATERIAL FACTS

1. In August 2009, the plaintiff filed Administrative Remedy No. 553428-F1 in which he alleged that officers in his unit were not properly supervising inmates because they are distracted by televisions located in the control center. *Motion*, Ex. 1, ¶ 8. The Administrative Remedy was denied. The plaintiff filed appeals at the Regional and Central Office level, both of which were denied. Id.

2. On September 3, 2009, the plaintiff filed a request for administrative remedy in which he alleged that "at some point between August 3rd & 5th" defendant Torres attempted to solicit inmates to assault or threaten him because he filed a complaint about the televisions in the unit control center. He further alleged that Torres told an inmate if the plaintiff filed his complaint, the officers would harass all inmates in the unit with daily cell searches and property

---

[1] The pages of the Complaint are not consecutively paginated. Therefore, I cite to the pages of the Complaint as they are assigned by the court's docketing system.

confiscation.  Id. at ¶ 11.

3.  That grievance was rejected because the plaintiff (1) needed to provide more specific information so that his remedy could be considered; (2) needed to provide specific dates related to his complaint; and (3) he could not file a remedy on behalf of other inmates.  The plaintiff was given 5 days to correct the deficiencies and resubmit his request.  Id. at ¶ 11.

4.  On September 4, 2009, the plaintiff filed a request for administrative remedy alleging facts similar to those in Administrative Remedy No. 554584-F1.  He alleged that "at some point between August 3rd and 5th," Torres attempted to solicit inmates to assault or threaten him because he filed a complaint about the control center televisions, and Torres told an inmate that if the plaintiff filed his complaint, the officers would harass all inmates in the unit with daily cell searches and property confiscation.  As relief, the plaintiff requested that Torres be terminated from his position.  Id. at ¶ 12.

5.  The Warden issued a response dated September 28, 2009, which stated that if the plaintiff was not satisfied with the response, he could appeal within 20 calendar days of the date of the response.  Id. and Attachment 6.

6.  The plaintiff attempted to file an appeal to the Regional Office on November 16, 2009.  The appeal was rejected because it was untimely and it contained more than one continuation page.  Id. at ¶ 12.  The plaintiff did not file any further appeals on this issue.  Id. at ¶ 13.

7.  In December 2009, the plaintiff filed Administrative Remedy No. 567316-F1 in which he complained that an officer working in his unit had solicited other inmates in August 2009 to prevent him from filing a grievance, and administrative officials were aware of the

situation but did not take any action.  The plaintiff's request was rejected because it was untimely.  Id. at ¶ 14.  The plaintiff did not file any further appeals or requests on this issue. id. at ¶ 14.

## IV.  ANALYSIS

The defendant asserts that the plaintiff's claim should be dismissed because the plaintiff has failed to exhaust his administrative remedies.  Because the plaintiff's claims challenge prison conditions, they are governed by the Prison Litigation Reform Act (the "PLRA").  42 U.S.C. § 1997e(a).  The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law,[2] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The Supreme Court has interpreted section 1997e(a) to require, prior to filing a lawsuit, that the inmate exhaust all available administrative remedies whether the inmate is seeking injunctive relief, money damages, or both.  Booth v. Churner, 532 U.S. 731 (2001).  There, the Supreme Court stressed that "we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."  Id. at 741 n.6.

The administrative remedies available to an inmate seeking review of issues which relate to any aspect of confinement are found in Title 28 of the Code of Federal Regulations, entitled Administrative Remedy Program.  The Administrative Remedy Program generally requires that

---

[2]The PLRA's exhaustion requirement also applies to Bivens claims.  See Yousef v. Reno, 254 F.3d 1214, 1216 (10th Cir. 2001).

an inmate first attempt to reach an informal resolution of his complaint. 28 C.F.R. § 542.13. If that effort is unsuccessful, an inmate may seek formal review by the Warden. Id. at §§ 542.10, 542.14. Thereafter:

> An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended. Valid reasons for delay include those situations described in § 542.14(b) of this part. Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15.

To exhaust administrative remedies, a federal prisoner must complete all three formal steps by filing an administrative remedy request with institution staff, followed by regional and national appeals. 28 C.F.R. §§ 542.14 - 542.15.

It is undisputed that the plaintiff did not complete all three formal steps with regard to his claim for retaliation.[3] Accordingly, the plaintiff's claim should be dismissed for failure to exhaust administrative remedies.

The plaintiff asserts that he "has yet to be allowed to pursue discovery." *Plaintiff's Motion in Declaration Under Rule 56(f) to Deny or Stay Defendant Motion for Summary Judgment* [Doc. #120] (the "Response"), ¶ 8. He claims that he "moved for discovery requests" but "the district judge struck plaintiff's discovery request." Id. at ¶¶ 10-11.

The plaintiff mischaracterizes the record. On July 10, 2013, the plaintiff filed "Plaintiff's

---

[3] Indeed, the plaintiff does not address exhaustion in his response brief.

Interrogatories and Request for Production of Documents" [Doc. #86]. The district judge struck the filing [Doc. #87] because "[u]nder Fed.R.Civ.P. 5(d)(1), requests for admissions and other pre-trial discovery and disclosures 'must not be filed until they are used in the proceeding or the court orders filing.'" The plaintiff requested reconsideration of the order [Doc. #89]. The district judge denied the request [Doc. #90] and explained that "when the plaintiff's interrogatories and requests for admission properly are served on the defendant, the defendant is obligated to respond to those discovery requests, even though the discovery requests have not been filed with the court."

The plaintiff was not denied any discovery. To the contrary, he was free to serve his discovery requests on the defendant, but he was required to do so in a manner consistent with applicable rules. Moreover, although the plaintiff stated that he needed the discovery to "develop evidence to support his claims," id. at ¶ 11, he did not seek any discovery relevant to his failure to exhaust administrative remedies. Id. at ¶¶ 14-18.

The plaintiff has failed to create a material fact dispute regarding whether he exhausted his administrative remedies. A dismissal based on failure to exhaust should be without prejudice where the time for pursuing administrative remedies has not expired and the inmate can cure the defect by simply exhausting the available remedies. Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1213 (10th Cir. 2003), *overruled on other grounds*. See also Mitchell v. Figueroa, No. 12-6051, 2012 WL 2877461 (10th Cir. July 16, 2012) (affirming the district court's grant of summary judgment to the defendants and dismissal of unexhausted claims without prejudice). The plaintiff is time-barred from filing a grievance on this issue. Therefore, the plaintiff's claim should be dismissed with prejudice.

7

## V.  CONCLUSION

I respectfully RECOMMEND that Defendant's Motion for Summary Judgment [Doc. #110] be GRANTED and that the plaintiff's claim be DISMISSED WITH PREJUDICE.[4]

Dated January 23, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[4]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).