**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-02066-REB-BNB

ROBERT BLACKMAN,

 Plaintiff,

v.

MR. TORRES, Correctional officer,

 Defendant.

---

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE &
DENYING MOTION TO RECONSIDER**

---

**Blackburn, J.**

 This matter is before me on the following: (1) the **Defendant's Motion for Summary Judgment** [#110][1] filed August 23, 2013; (2) the **Plaintiff's Motion To Reconsider the District Judge's Order Concerning the Recommendation of United States Magistrate Judge [Doc. #75]** [#133] filed November 7, 2013; (3) **Defendant's Objections To October 15, 2013, Order (Doc. 126)** [#128] filed October 29, 2013; (4) **Defendant's Objections To October 15, 2013, Order (Doc. 131)** [#135] filed November 12, 2013; and (5) the **Recommendation of United States Magistrate Judge** [#140] filed January 23, 2014, which addresses the motion for summary judgment. I approve and adopt the recommendation [#140], deny the motion to reconsider [#133], and grant the motion for summary judgment[#110]. I overrule the two

---

[1] "[#110]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

objections [#128 & #135] because, following the entry of this order, they are moot.

The plaintiff is proceeding *pro se*. Thus, I have construed his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I.  MOTION TO RECONSIDER

In his motion to reconsider [#133], the plaintiff, Robert Blackman, seeks reconsideration of the order of the court [#75] adopting a previous recommendation [#60] of the magistrate judge and dismissing some of the claims of Mr. Blackman. The magistrate judge suggested that Mr. Blackman file this motion after it became apparent to the magistrate judge that Mr. Blackman was not receiving some of the mail sent to him by the court and/or was being prevented from mailing filings to the court. As a result of irregularities in the handling of the mail of Mr. Blackman, the magistrate judge concluded that Mr. Blackman did not have an opportunity to respond to the motion to dismiss of the defendant and to object to the earlier recommendation [#60] before the recommendation was adopted by the court.

I have reviewed the motion for reconsideration [#133] as both an objection to the earlier recommendation [#60] and as a motion to reconsider. Viewing the motion as an objection, I must review *de novo* all portions of the recommendation [#60] to which Mr. Blackman objects. 28 U.S.C. § 636(b). I have conducted that review and have considered carefully the recommendation, objections, and applicable case law. Nothing

argued by Mr. Blackman in his motion [#133] constitutes a valid objection to the recommendation [#60]. Therefore, I overrule the objections stated in the motion [#133].

Viewing the motion [#133] as a motion for reconsideration, I conclude that there is no basis for reconsideration of my previous order [#75] adopting the recommendation [#60] of the magistrate judge. The bases for granting reconsideration are limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). FED. R. CIV. P. 60(b) outlines a related standard of review and lists six bases on which a party may seek relief from an order or final judgment.

Mr. Blackman argues in his motion that he can pursue a claim for First Amendment retaliation as a ***Bivens*** claim. The case law on this question, cited in my previous order [#75], vitiates this contention. Mr. Blackman argues also that his Fifth Amendment equal protection and due process claims and his Eighth Amendment claim were pled adequately in his complaint [#1]. As a result, he contends, the magistrate judge erred when he recommended that these claims be dismissed under FED. R. CIV. P. 12(b)(6) and I erred when I adopted those portions of the recommendation of the magistrate judge. Having reviewed again the recommendation [#60] and the complaint [#1], I find and conclude that the recommendation [#60] and my order [#75] are correct.

Mr. Blackman has not cited or circumstantiated any valid grounds for reconsideration of my order [#75] or for relief under Rule 60(b). Thus, his motion must be denied.

## II. RECOMMENDATION

No objections to the recommendation [#140] were filed. Thus, I review it only for plain error. ***See Morales-Fernandez v. Immigration & Naturalization Service***, 418 F.3d 1116, 1122 (10th Cir. 2005).[2] Finding no error, much less plain error, in the recommendation of the magistrate judge, I find and conclude that the recommendation should be approved and adopted as an order of this court.

The motion for summary judgment is based on the contention of the defendant that Mr. Blackman failed to exhaust the available administrative remedies before filing his complaint asserting a claim for First Amendment retaliation. Appropriately, the magistrate judge concludes that the undisputed facts in the record show that Mr. Blackman did not complete all three formal administrative remedy steps with regard to his First Amendment retaliation claim. As a result, this claim must be dismissed. As noted by the magistrate judge, the plaintiff now is time barred from filing a grievance on the issue to the extent his grievance would be based on the facts alleged in his complaint. Thus, the claim of the plaintiff must be dismissed with prejudice.

## III. OBJECTIONS TO ORDERS

Still pending before the court are the objection of the defendant to the order entered by the magistrate judge requiring the warden of the United States Penitentiary, Administrative Maximum (ADX), to file a proposed remedial mail plan, and the order

---

[2] This standard pertains even though plaintiff is proceeding *pro* se in this matter. ***Morales-Fernandez***, 418 F.3d at 1122.

denying the motion of the defendant to stay the order of the magistrate judge. After conducting a detailed review of mail procedures at ADX and the handling of mail sent by Mr. Blackman to this court, including his response to the motion to dismiss filed by the defendant and his objections to the recommendation [#60], the magistrate judge found that "there are irregularities in the way the plaintiff's mail is being handled by ADX officials. As a result of the irregularities, the plaintiff was denied the opportunity to respond to the defendant's motion to dismiss and to file objections to my recommendation." *Order* [#126] filed October 15, 2013, p. 11. Based on these and other findings, the magistrate judge ordered the warden at ADX to "file a proposed remedial plan which addresses all mail processing issues identified in this order." *Id.*, p. 12.

In his objection [#128], the defendant, Mr. Torres, contends that the order [#126] of the magistrate judge constitutes an improper *sua sponte* injunction against the warden. In his second objection [#135], Mr. Torres objects to an order [#131] denying a motion to stay the earlier order [#126].

The record presents no basis on which to question the findings of fact of the magistrate judge. Obviously, those findings raise serious concerns about the handling of the legal mail of Mr. Blackman and the ability of Mr. Blackman to pursue his claims in this case. However, given the development of the record since the magistrate judge issued his order [#126], I find and conclude that Mr. Blackman has had an adequate opportunity to present his arguments in opposition to the motion to dismiss of the defendant and to the objections of Mr. Blackman to the recommendation [#60] of the magistrate judge.

Given the procedural posture of this case, there are significant questions about the scope of the jurisdiction of this court and, ultimately, the authority of this court to require a non-party to take the actions ordered by the magistrate judge. At this point, however, those questions are academic, at least as those questions are tied to this case. With this order, all of the claims of Mr. Blackman are dismissed and the jurisdiction of this court over those claims will end. As a result, the issues raised in the objections [#128 & #135] of the defendant and the mandates in the orders [#126 & #131] of the magistrate judge are effectively moot. In another case and context, however, factual findings such as those made by the magistrate judge concerning the handling of legal mail at ADX readily could form a viable basis for relief.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiff's Motion To Reconsider the District Judge's Order Concerning the Recommendation of United States Magistrate Judge [Doc. #75]** [#133] filed November 7, 2013, read as an objection to the recommendation [#60] of the magistrate judge, is **OVERRULED**;

2. That the **Plaintiff's Motion To Reconsider the District Judge's Order Concerning the Recommendation of United States Magistrate Judge [Doc. #75]** [#133] filed November 7, 2013, read as a motion to reconsider, is **DENIED**;

3. That the **Recommendation of United States Magistrate Judge** [#140] filed January 23, 2014, which addresses the motion for summary judgment [#110], is **APPROVED** and **ADOPTED** as an order of this court;

4. That the **Defendant's Motion for Summary Judgment** [#110] filed August

23, 2013, is **GRANTED**;

    5.  That the **Defendant's Objections To October 15, 2013, Order (Doc. 126)** [#128] filed October 29, 2013, and the **Defendant's Objections To October 15, 2013, Order (Doc. 131)** [#135] filed November 12, 2013, both are **OVERRULED** and terminated on the docket as moot;

    6.  That under FED. R. CIV. P. 58, judgment **SHALL ENTER** against the plaintiff, Robert Blackman, in favor of the defendant, Mr. Torres, Correctional Officer; and

    7.  That the defendant is **AWARDED** his costs, to be taxed by the clerk of the court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated March 12, 2014, at Denver, Colorado.

                                **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge